**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| RUTH GHOBADI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. _____ |
| | ) |
| FAIRFAX COUNTY SCHOOL BOARD, | ) |
| SERVE: | ) |
| John Foster, Division Counsel | ) |
| 8115 Gatehouse Road | ) |
| Falls Church, VA 22042 | ) |
| | )   **JURY TRIAL DEMAND** |
| Defendant. | ) |
| | ) |

## COMPLAINT

1.      Ruth Ghobadi ("Ms. Ghobadi") brings this complaint against her current employer, the Fairfax County School Board ("FCSB" or "the Board"), for damages and equitable relief arising out of violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., as amended, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., as amended, resulting from Fairfax County School Board's ("FCSB") by failing to promote Ms. Ghobadi into or hire Ms. Ghobadi as a full time school counselor.

## PARTIES AND RELEVANT NON-PARTIES

2.      Ms. Ghobadi is a resident of Fairfax County, Virginia.

3.      Defendant FCSB is a Virginia school system which operates Fairfax County Public Schools ("FCPS").

4.      Ms. Ghobadi was hired as an employee of FCPS and started in the position of a half-time school counselor at Terraset Elementary School on or about September 9, 2000.

1

5.      Ms. Ghobadi is a woman and she is over forty (40) years old. As such, she is a member of a protected class based on sex and age.

6.      Ms. Ghobadi is employed by FCPS as a half-time school counselor currently serving at Fox Mill Elementary School.

7.      Defendant's principal place of business is in Fairfax County, Virginia. It is an employer with 500 or more employees within the meaning of Title VII.

8.      At all times relevant to this Complaint, Defendant employed 500 or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year.

9.      Defendant is an employer within the meaning of §1l(b) of the ADEA, 29 U.S.C. § 630(b).

10.      The Fairfax County School Board is charged by the statutes of Virginia and the regulations of the Virginia Board of Education to operate the public schools of Fairfax County by setting general school policy and establishing guidelines that will ensure the proper administration of the Fairfax County Public Schools programs.

11.      At all times, the employees of Defendant mentioned herein were acting within the scope of their employment, and the FCSB is responsible for the actions and conduct of those employees.


**JURISDICTION AND VENUE**

12.      This Court has subject matter jurisdiction over Ms. Ghobadi's Title VII and ADEA claims pursuant to Article III of the United States Constitution and 28 U.S.C. § 1331.

13.     This Court has personal jurisdiction over FCSB, as it is located within the jurisdictional reach of this Court.

14.     Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claims occurred in Fairfax County, Virginia.

## BACKGROUND FACTS

15.     Ms. Ghobadi is a half-time employee of FCPS. She was first hired as a school counselor and has remained in that same role since 2000.

16.     Ms. Ghobadi's current employment qualifications are as follows:

   a.  B.A. in Speech Communications and Broadcast Media from the University of Minnesota, 1983;

   b.  M.Ed. in Counseling and Development, Agency and School Counseling, from George Mason University (GMU), 2000;

   c.  Pupil Personnel Services License in Virginia, authorized as a School Counselor PREK-12, and

   d.  Nineteen years' experience as half time school counselor in FCPS.

17.     In the period beginning in 2008 and through all times relevant to this action, Ms. Ghobadi has applied to hundreds of school counselor positions with FCPS.

18.     As Ms. Ghobadi is already an FCPS employee, and per the instructions on FCPS' internal job opportunities website, she applies to positions directly through the principal and/or Director of Student Services (DSS) at any given school where a vacancy exists.

19.     Ms. Ghobadi has also re-applied multiple times through the Career Quest portal generally used by external candidates to ensure that she be considered for all FCPS school

counselor vacancies under the following three generic categories: Elementary School Counselor; Middle School Counselor, and High School Counselor.

20.     Due to this informal system, FCPS has no means to track the specific positions and schools to which Ms. Ghobadi has applied or how many applications she has submitted.

21.     Still, Ms. Ghobadi applied extensively but has rarely been interviewed for these positions.

22.     In 2015 alone, Ms. Ghobadi applied to the following schools within FCPS:

      a.  Lake Anne Elementary School;

      b.  Dogwood Elementary School;

      c.  Oakton Elementary School;

      d.  Annandale Terrance Elementary School (twice);

      e.  Beech Tree Elementary School;

      f.  Braddock Elementary School (twice);

      g.  Daniels Run Elementary School;

      h.  Groveton Elementary School;

      i.  Mount Eagle Elementary School;

      j.  Mosby Woods Elementary School;

      k.  Navy Elementary School;

      l.  Rose Hill Elementary School;

      m.  Timber Lane Elementary School;

      n.  Brookfield Elementary School;

      o.  Churchill Elementary School;

      p.  Eagle View Elementary School;

q.  Franconia Elementary School;

r.  Freedom Hill Elementary School;

s.  Island Creek Elementary School;

t.  Lorton Station Elementary School (twice);

u.  Lynbrook Elementary School (twice);

v.  Newington Forest Elementary School;

w.  Washington Mills Elementary School;

x.  Woodlawn Mill Elementary School;

y.  Wolftrap Elementary School; and

z.  Kings Glen Elementary School

23.     Ms. Ghobadi was over the age of forty (40) at the time she applied for all of these positions.

24.     In nearly every one of these cases, FCPS hired an individual under forty (40) years old for the position; most, if not all, of these individuals had substantially less experience and fewer qualifications than Ms. Ghobadi.

25.     Of those positions listed above, two schools, Oakton Elementary School and Woodlawn Mill Elementary School hired less qualified, less experienced men under forty (40).

26.     During that same period in 2015, FCPS had twenty-three (23) vacancies for counselors at secondary schools.

27.     Those vacancies included:

a.  Langley High School;

b.  Herndon Middle School;

c.  Jeb Stuart High School;

5

    d.   Fairfax High School (two vacancies);

    e.   Oakton High School;

    f.   Madison High School;

    g.   South Lakes High School;

    h.   Cooper Middle School;

    i.   Glasgow Middle School (two vacancies);

    j.   Washington Irving Middle School;

    k.   Key Middle School;

    l.   Kilmer Middle School;

    m.  Herndon High School (two vacancies);

    n.   Rocky Run Middle School;

    o.   South County Middle School;

    p.   Woodson High School (three vacancies);

    q.   Lanier Middle School; and

    r.   Thoreau Middle School.

28.    Of the secondary school vacancies listed above, only approximately ten (10) were publicly advertised.

29.    Ms. Ghobadi applied for all ten of the publicly advertised positions.

30.    Ms. Ghobadi would have applied for each of them had they been publicly advertised as the FCPS Regulations require.

31.    In nearly every one of the secondary school vacancies listed above, FCPS hired an individual under forty (40) years old for the position; most, if not all, of these individuals had substantially less experience and fewer qualifications than Ms. Ghobadi.

32.     Of those secondary school vacancies listed above, one school, Stuart High School, hired a less qualified, less experienced man under forty (40).

33.     In three of the secondary school vacancies listed above – Fairfax High School, Lanier Middle School, and Thoreau Middle School – Ms. Ghobadi was denied an interview even when no other qualified applicants had applied.

34.     Ms. Ghobadi was not given any reason for Fairfax High School, Lanier Middle School, and Thoreau Middle School denying her an interview under these circumstances.

35.     Ms. Ghobadi has not been offered a single position, despite being a highly qualified applicant for each of the hundreds of positions to which she has applied.

36.     Ms. Ghobadi's qualifications are apparent as evidenced by the fact that FCPS hired her nineteen (19) years ago and, in that time, she has received positive performance reviews and accrued substantial experience as a school counselor.

37.     Ms. Ghobadi is frequently denied positions for which FCSB hires new graduates, who are almost exclusively under forty (40) years old.

38.     FCPS, and more specifically, the School Counseling Services (SCS) department staff, has devoted substantial resources to formalized partnerships with local universities' school counseling graduate programs, ultimately creating a pipeline of young job candidates to fill new school counselor vacancies.

39.     On information and belief, nearly all new school counselor vacancies in FCPS are filled by new graduates.

40.     On information and belief, nearly all candidates from these university school counselor programs are under forty (40) years old.

41.     FCPS, through policies designed to hire a young workforce, and through specific instances of age and sex discrimination, has systematically denied or limited the opportunities of individuals over forty (40) years old.

## Selected Specific Instances of Discrimination

### Timber Lane Elementary School – 2014-2015

42.     In the winter of 2014, Ms. Ghobadi applied for a full-time school counselor position at Timber Lane Elementary School ("TLES").

43.     Ms. Ghobadi was over the age of forty (40) at the time she applied for this position.

44.     Ms. Ghobadi was not hired for this position; instead, on January 1, 2015, FCSB hired a person under forty (40) years old.

45.     Specifically, FCPS hired a twenty-seven (27) year old recent graduate with very limited experience.

46.     At the time, Ms. Ghobadi had fourteen (14) years of experience as a half-time school counselor.

47.     Ms. Ghobadi was the more qualified candidate, but she was not hired due to her age.

### Jeb Stuart High School – 2015

48.     In the summer of 2015, Ms. Ghobadi applied for a school counselor position at Jeb Stuart High School ("JSHS", subsequently renamed Justice High School.)

49.     Ms. Ghobadi was over the age of forty (40) at the time she applied for this position.

50.     At the time, Ms. Ghobadi had nearly fifteen (15) years of experience as a half-time school counselor.

51.     Ms. Ghobadi was not hired for this position; instead, FCSB hired a less qualified male who was under forty (40) years old.

52.     Ms. Ghobadi was informed by FCFT labor union representatives that the hiring managers at JSHS were only considering male applicants.

**Oakton Elementary School – 2015**

53.     In the summer of 2015, Ms. Ghobadi applied for a school counselor position at Oakton Elementary School ("OES").

54.     Ms. Ghobadi was over the age of forty (40) at the time she applied for this position.

55.     At the time, Ms. Ghobadi had nearly fifteen (15) years of experience as a half-time school counselor.

56.     OES advertised and re-advertised this position eight times over the course of the summer of 2015.

57.     FCPS' internal system allows postings to be listed for one week; this OES vacancy was reposted approximately seven times.

58.     During many of these one-week periods, Ms. Ghobadi applied for this position.

59.     Despite her applications and being well qualified for the position, the job was repeatedly reposted and she was not offered an interview.

60.     Instead, FCPS hired a less qualified male who was under forty (40) years old.

**Dogwood Elementary School – 2015**

61.     In the summer of 2015, Ms. Ghobadi applied for a school counselor position at Dogwood Elementary School ("DES").

62.     Ms. Ghobadi was over the age of forty (40) at the time she applied for this position.

63.     At the time, Ms. Ghobadi had nearly fifteen (15) years of experience as a half-time school counselor.

64.     After submitting her resume several times without a response, Ms. Ghobadi contacted the principal at DES, Ms. Mie Devers ("Ms. Devers"), to inquire as to why she was not given consideration for the vacancy.

65.     Ms. Devers informed Ms. Ghobadi that she was seeking someone with Title I experience for the position.

66.     Ms. Ghobadi told Ms. Devers that she has Title I experience from her experience at Terreset Elementary School.

67.     Rather than considering Ms. Ghobadi for the position based upon this new information, Ms. Devers chastised Ms. Ghobadi for seeking feedback on the hiring process. .

68.     Ultimately, DES hired a young, less qualified woman who was under forty (40) years old and, on information and belief, had no Title I experience.

***Exhaustion of Administrative Remedies***

69.     On August 12, 2015, Ms. Ghobadi cross-filed a Charge of Discrimination with the EEOC and the Fairfax County Office of Human Rights and Equity Programs ("OHREP").

70.      On April 16, 2019, the EEOC issued Ms. Ghobadi a Notice of Right to Sue.

71.     All conditions precedent to the institution of this lawsuit have been fulfilled.

72.     Plaintiff has exhausted her administrative remedies as required by 42 U.S.C.

§2000e, *et seq*.

73.     This matter is timely filed within ninety (90) days of Plaintiff's receipt of her

Notice of Right to Sue from the EEOC.


**COUNT ONE:**
**FAILURE TO PROMOTE AND/OR HIRE BASED ON SEX IN VIOLATION OF TITLE**
**VII**
**42 U.S.C. § 2000e**

74.     The allegations in the foregoing paragraphs are incorporated as if realleged

herein.

75.     Plaintiff is a member of a protected class based on her sex.

76.     FCPS failed to promote and/or hire Ms. Ghobadi into a full-time school counselor

position, or, in the alternative, hire Ms. Ghobadi for a second half-time position which would

have allowed Ms. Ghobadi to have a full-time schedule on the basis of her sex.

77.     Specifically, Jeb Stuart High School, Oakton Elementary School, and Woodlawn

Mill Elementary School all hired less qualified, less experience men in lieu of hiring Ms.

Ghobadi.

78.     Ms. Ghobadi received positive performance reviews throughout the duration of

her employment with FCPS.

79.     FCPS's conduct violates Title VII's bar on discrimination based on sex.

80.     Defendant FCSB, as the entity responsible for operating FCPS, is liable for this

violation.

81.     As a direct and proximate result of the acts and conduct of Defendant as alleged herein, Plaintiff has suffered loss of earnings, related employment benefits, and compensatory damages in an amount to be proven at trial.

**COUNT TWO:**
**FAILURE TO PROMOTE AND/OR HIRE BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621, *et seq*.**

82.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

83.     Plaintiff is a member of a protected class based on her age.

84.     FCPS failed to promote and/or hire Ms. Ghobadi into a full-time school counselor position, or, in the alternative, hire Ms. Ghobadi for a second half-time position which would have allowed Ms. Ghobadi to have a full-time schedule on the basis of her age.

85.     At the many schools enumerated *supra*, Ms. Ghobadi was passed over for younger, less qualified and less experienced candidates.

86.     The vacant positions to which Ms. Ghobadi applied included, as detailed *supra*, Oakton Elementary School, Dogwood Elementary School, Timber Lane Elementary School, and Jeb Stuart High School.

87.     Ms. Ghobadi received positive performance reviews throughout the duration of her employment with FCPS.

88.     FCPS's conduct violates the ADEA's bar on discrimination based on age.

89.     Defendant FCSB, as the entity responsible for operating FCPS, is liable for this violation.

90.     As a direct and proximate result of the acts and conduct of FCPS as alleged herein, Plaintiff has suffered loss of earnings, related employment benefits, and compensatory damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ruth Ghobadi requests that this Court enter judgment in her favor, and against Defendant FAIRFAX COUNTY SCHOOL BOARD on all Counts and further:

1.      Award Plaintiff compensatory damages plus past and future pecuniary damages on each of the above-stated Counts in amounts to be determined at trial, including pre- and post-judgment interest; and in addition

2.      Award Plaintiff attorneys' fees, expert fees, and costs of this action as may be permitted by law; and in addition

3.      Award Plaintiff such other and further relief as may be appropriate.

## **JURY TRIAL DEMAND**

**PLAINTIFF RUTH GHOBADI DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated:  July 14, 2019                                   Respectfully Submitted,


                                                                  /s/
                                                        _____
                                                        Joshua Erlich (VA Bar No. 81298)
                                                        **The Erlich Law Office, PLLC**
                                                        2111 Wilson Blvd
                                                        Ste. 700
                                                        Arlington, VA  22201

Tel:     (703) 791-9087
Fax:     (703) 351-9292
Email: jerlich@erlichlawoffice.com

*Counsel for Plaintiff*